UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>Application of CATERPILLAR CRÉDITO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJECTO MÚLTIPLE, ENTITAD REGULADA<br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding,<br><br>                               Applicant.  | CASE NO. C22-1549JLR<br><br>ORDER |
| CAROLINA ELIZABETH VÁRADY DE BELLOSTA, et al.,<br><br>                               Intervenors,<br><br>v.<br><br>CATERPILLAR CRÉDITO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJECTO MÚLTIPLE, ENTITAD REGULADA,<br><br>                               Applicant. | |

ORDER - 1

1    On November 2, 2022, Intervenors Carolina Elizabeth Varady de Bellosta and
2 Carlos Mercelino Jose Bellosta Pallares (collectively, the "Bellostas") filed an emergency
3 motion for a temporary restraining order and preliminary injunction, asking the court to
4 enjoin Caterpillar Crédito, Sociedad Anónima de Capital Variable, Sociedad Financiera
5 de Objeto Multiple, Entidad ("Caterpillar") from using, disseminating, and reviewing
6 phone records it obtained pursuant to a subpoena issued by this court. (*See* TRO Mot
7 (Dkt. # 5).) On Sunday, November 6, 2022, the court denied the Bellostas' motion but
8 granted much of the relief the Bellostas sought. (*See* 11/6/2022 Order (Dkt. # 9) at 20.)
9 Sensitive to the impending deadlines in collateral litigation, the court ordered the parties
10 to enter into a stipulated protective order regarding Caterpillar's use of the disputed
11 phone records consistent with Local Rule 26(c) within three days of the entry of the
12 court's order. (*See id*. at 19-20.) The court provided that if the parties are unable to
13 reach agreement on a protective order, they must each file their own proposed protective
14 orders and indicate the specific terms that remained in dispute. (*Id*. at 19 (noting that the
15 court would then promptly resolve any disputes).) The deadline for the parties to submit
16 their proposed protective order(s) has now passed. (*See id*. at 19-20.) Neither party filed
17 a proposed protective order, sought an extension of the deadline, or provided any
18 explanation for its failure to comply with the court's deadline. (*See* Dkt.)

19    The court ORDERS the parties to SHOW CAUSE why this matter should not be
20 dismissed by Monday, November 14, 2022. Any response to this order shall be limited to
21 five pages. The court warns the parties that failure to timely respond to this order to
22 show cause may result in the dismissal of this action with prejudice. *See Pagtalunan v.*

*Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors that the court considers in determining whether to dismiss for failure to prosecute or comply with a court order).[1]

Dated this 10th day of November, 2022.

JAMES L. ROBART
United States District Judge

---

[1] The court reminds the parties that the court and its resources are not tools for delay or obstruction and that sanctions may be imposed if the parties' conduct continues to fall below the acceptable standard for conduct in this district.

ORDER - 3