UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>Application of CATERPILLAR CRÉDITO, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, SOCIEDAD FINANCIERA DE OBJECTO MÚLTIPLE, ENTITAD REGULADA for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding,<br><br>                Applicant.<br><br>CAROLINA ELIZABETH VÁRADY DE BELLOSTA, et al.,<br><br>                Intervenors, | CASE NO. 2:22-cv-01549-JLR<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION OF DOCUMENTS BY T-MOBILE US, INC.** |

{04661647.DOCX;1 }

1.  PURPOSES AND LIMITATIONS

On September 27, 2022, Caterpillar Crédito Sociedad Anónima de Capital Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regulada ("Caterpillar Crédito") submitted an *ex parte* application pursuant to 28 U.S.C. § 1782 for leave to obtain discovery for use in the lawsuit that Carolina Elizabeth Várady de Bellosta ("Mrs. Bellosta") filed against Caterpillar Crédito and Carlos Marcelina Jose Bellosta Pallares ("Mr. Bellosta," and collectively, "the Bellostas") in Curaçao in April 2022 through which Mrs. Bellosta seeks to annul two personal guarantees her husband gave to Caterpillar Crédito in October 2015 and October 2016 ("Curaçao Proceeding"). Caterpillar Crédito's 1782 application sought a subpoena for the phone records of Mrs. Bellosta and Mr. Bellosta from T-Mobile US, Inc. ("T-Mobile"). On October 3, 2022, the Court granted Caterpillar Crédito's application. On or about October 27, 2022, T-Mobile produced documents in response to Caterpillar Crédito's subpoena, and T-Mobile is expected to produce additional documents (collectively, the "Production"). On November 6, 2022, the Court ordered Caterpillar Crédito and the Bellostas (collectively, the "Parties") to enter into a stipulated protective order governing the production, use, and dissemination of confidential material. The Parties could not come to an agreement on a stipulated protective order. Thus, in accordance with the Court's November 6, 2022 Order, the Court hereby enters the following protective order.

The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

{04661647.DOCX;1 }

2.  USE OF THE T-MOBILE PRODUCTION

The Production only shall be used for prosecuting, defending, or attempting to settle the Curaçao Proceeding, and shall not in any manner be used for any other purpose, including to prosecute, defend, or attempt to settle any other proceeding, lawsuit, litigation, or arbitration (including without limitation the ICC arbitration Caterpillar Crédito has brought against Mr. Bellosta).

3.  "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: personal identifying information.

4.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1  Basic Principles. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by Caterpillar Crédito at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Bellostas, Caterpillar Crédito may disclose any confidential material only to:

(a)  Caterpillar Crédito's counsel of record in this proceeding and in the Curaçao Proceeding, as well as employees of counsel to whom it is reasonably necessary to disclose the

information for the Curaçao Proceeding, and, as to counsel in the Curaçao Proceeding, who have either (i) signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or (ii) signed a binding confidentiality agreement, enforceable in the courts of Curaçao, committing to keep the information confidential on substantially the same terms as apply under this Order;

      (b)    the officers, directors, and employees (including in house counsel) of Caterpillar Crédito or its affiliates to whom disclosure is reasonably necessary for the Curaçao Proceeding, unless the Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

      (c)    experts and consultants to whom disclosure is reasonably necessary for the Curaçao Proceeding and who have either (i) signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or (ii) signed a binding confidentiality agreement, enforceable in the courts of Curaçao, committing to keep the information confidential on substantially the same terms as apply, under this Order;

      (d)    this court, the courts presiding over the Curaçao Proceeding, their personnel, and any court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material;

      (f)    during their depositions, witnesses to whom disclosure is reasonably necessary and who have either (i) signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or (ii) signed a binding confidentiality agreement, enforceable in the courts of Curaçao, committing to keep the information confidential on substantially the same terms as apply, under this Order, unless otherwise agreed the Bellostas or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

{04661647.DOCX;1 }

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3   Filing Confidential Material in this Court. Before filing confidential material or discussing or referencing such material in court filings, Caterpillar Crédito shall confer with the Bellostas, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Bellostas will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Bellostas must identify the basis for sealing the specific confidential information at issue, and Caterpillar Crédito shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.  A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.4   Filing Confidential Material in a Foreign Proceeding.  Notwithstanding anything else in this Section 5, to the extent Caterpillar Crédito seeks to file confidential materials ina foreign proceeding, Caterpillar Crédito will use its reasonable best efforts to keep such material confidential.  For the avoidance of doubt, a Party filing confidential materials in a foreign proceeding will not be in breach of this order based on the act of filing the confidential materials if the foreign court does not permit filing under seal or otherwise determines that the materials should be made public.

6.   DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection. The Bellostas must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Bellostas must designate for protection only those parts of material,

{04661647.DOCX;1 }

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Bellostas to sanctions.

If it comes to the Bellostas' attention that information or items that it designated for protection do not qualify for protection, the Bellostas must promptly notify Caterpillar Crédito that they are withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated by the Bellostas within five days after the material is disclosed or produced.  To facilitate this process, Caterpillar Crédito shall provide those productions to the Bellostas within two business days of receipt.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Bellostas must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the Bellostas also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

If a Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the Bellostas must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Bellostas, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Bellostas' right to secure protection under this agreement for such material. Upon timely correction of a designation, Caterpillar Crédito must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Caterpillar Crédito may challenge a designation of confidentiality at any time. Unless a prompt challenge to the Bellostas' confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Caterpillar Crédito does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

{04661647.DOCX;1 }

7.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Bellostas. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If Caterpillar Crédito is served with a subpoena or a court order issued in other litigation that compels disclosure of the confidential material or any portion thereof, Caterpillar Crédito must:

(a)    promptly notify the Bellostas in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Bellostas whose confidential material may be affected.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Caterpillar Crédito learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, Caterpillar Crédito must immediately (a) notify in writing the Bellostas of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When the Bellostas give notice to Caterpillar Crédito that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Caterpillar Crédito are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of the Curaçao Proceeding, including all appeals, Caterpillar Crédito must return all confidential material to the Bellostas, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The obligations imposed by this agreement shall remain in effect until the Bellostas agree otherwise in writing or a court orders otherwise.

{04661647.DOCX;1 }

IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Bellostas of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: November 16, 2022

_____
James L. Robart
United States District Court Judge

{04661647.DOCX;1 }

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *In re: Application of Caterpillar Crédito* (Case No. 2:22-cv-01549-JLR). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____